**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

Civil Action No. 1:20-CV-00805-SWS-MLC

JOANNA RYAN

    Plaintiff,

v.

PANDA EXPRESS, INC.,

    Defendants.

---

**ANSWER TO COMPLAINT FOR PERSONAL INJURY**

---

Defendant Panda Express, Inc. ("Defendant") by and through counsel, Hall & Evans, LLC, hereby respectfully responds to the Complaint for Personal Injury, as follows:

1. Defendant is without sufficient knowledge or information to form a belief as to the true or falsity of the allegations contained in paragraph 1 of the Complaint, and therefore, denies the same.

2. Defendant denies that it is a "domestic" corporation.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant is without sufficient knowledge or information to form a belief as to the true or falsity of the allegations contained in paragraph 4 of the Complaint, and therefore, denies the same.

5. The allegations contained in paragraph 5 of the Complaint are solely legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 5 of the Complaint and refers all questions of law to the Court for its determination.

6. Defendant is without sufficient knowledge or information to form a belief as to the true or falsity of the allegations contained in paragraph 6 of the Complaint, and therefore, denies the same.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. The allegations contained in paragraph 10 of the Complaint are solely legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 10 of the Complaint and refers all questions of law to the Court for its determination.

11. The allegations contained in paragraph 11 of the Complaint are solely legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 11 of the Complaint and refers all questions of law to the Court for its determination.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint, including all subparts.

13. (Incorrectly numbered as paragraph 14) Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. (Incorrectly numbered as paragraph 15) Defendant denies the allegations contained in paragraph 14 of the Complaint.

The remainder of Paragraph 14 is a prayer for relief to which no responsive pleading is required. Defendant denies that Plaintiff is entitled to any of the requested relief and damages.

Defendant further denies each and every allegation in the Complaint not specifically admitted herein.

## SEPARATE AND ALTERNATIVE, AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. The conduct of Defendant is not a material element or substantial factor in bringing the actual damages, if any, claimed by Plaintiff.

3. Plaintiff's injuries and damages, if any, were caused by the comparative negligence of Plaintiff.

4. Plaintiff's injuries and damages, if any, were caused by the comparative negligence of others or a third-party other than Defendant over whom Defendant had no control or right of control.

5. Plaintiff's damages, if any, were the result of unforeseeable circumstances that could not have been reasonably anticipated by Defendant, and Defendant is not legally responsible for Plaintiff's damages.

6. Plaintiff may have failed to mitigate her damages, if any, as required by law and is therefore barred from recovery against Defendant.

7. Damages sustained by Plaintiff, if any, were the direct result of a pre-existing condition.

8. The negligence of Plaintiff eliminates or proportionately reduces on a comparative basis any recovery against Defendant.

9. Plaintiff may have assumed the risk of injury or damages by voluntarily or unreasonably exposing herself to injury or damage without knowledge or appreciation of the danger and risk involved.

10. Plaintiff's medical treatment, if any, may not have been reasonable or necessary, or incurred as a result of the injuries or conditions complained of as resulting from the incident.

11. Plaintiff may have failed to state sufficient facts upon which to base any claim for pre-judgment interest in this case.

12. Plaintiff may have failed to state sufficient facts upon which to base any claim for punitive damages in this case.

13. Plaintiff seeks double recovery from Defendant and fails to elect her remedies.

14. Defendant asserts that Plaintiffs injuries and damages, if any, were the result of independent intervening causes or forces.

15. Plaintiff's claim for punitive damages is barred by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, as well as Article II, Section 13 and Article II, Section 18 of the Constitution of the State of New Mexico in that, under the facts of this case, any award of punitive damages is not justified and will constitute a denial of equal protection, a denial of due process, and/or the imposition of an excessive fine.

16. Defendant reserves the right to add, supplement, and/or withdraw the foregoing affirmative defenses based upon information that may become known through additional investigation, discovery, disclosure, or otherwise.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests the Court to dismiss the same, for its costs incurred in defending against this action, and for such further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED this 18th day of August, 2020.

        **HALL & EVANS, LLC**

*Original Duly Signed and on file at the offices of Hall & Evans, LLC*

s/ *Jared D. Najjar*
Jared D. Najjar
2200 Brothers Rd.
Santa Fe, New Mexico 87505
Phone: (505) 982-8514
Email: najjarj@hallevans.com

**ATTORNEYS FOR PANDA EXPRESS, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **ANSWER TO COMPLAINT FOR INJURY** was served this 18th day of August, 2020 via both CM/ECF and via electronic mail upon the following email addresses:

*Attorneys for Plaintiff*
William S. Jaworski
Jaworski Law LLC
117 Bryn Mawr Dr. SE
Albuquerque, NM 87106
T: 505-585-1441
F: 505-393-4533
wsj@jaworskilaw.com

*Original Signature on file at the offices of Hall & Evans, LLC*

s/ *Renee Godfrey*
Renee Godfrey, Legal Assistant